UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA B. WHITAKER,

    Plaintiff,

v.                                          Case No. 5:20-cv-230-RV-MJF

MARK S. INCH, *et al.*,

    Defendants.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff Joshua B. Whitaker, proceeding *pro se* and *in forma pauperis*, has filed a motion to amend his complaint (Doc. 17) accompanied by an amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 18), and various other motions (Docs. 12-16, 19). Plaintiff's motion to amend is granted. Upon review of the amended complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Whitaker's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 11

## I. Background

Whitaker (DC# 567061) is an inmate of the Florida Department of Corrections ("FDC") confined at Bay Correctional Institution in Panama City, Florida. (Doc. 18). Whitaker's amended complaint names two Defendants: FDC Secretary Mark S. Inch, and Geo Secure Services. (Doc. 18 at 1-2). Whitaker claims that the Defendants have committed various torts and constitutional violations over the past three years. Whitaker summarizes his claims as follows:

> This action is brought against Mark S. Inch (FDC) and GEO Secure Services for collectively denying plaintiff medical care & treatment, failing to give reasonable/adequate care, failing to diagnose, neglect of medical treatment conditions & ailments plaintiff has been living with in a span of 3 years; which have been historically documented, indifference in medical care-treatment, gross culpable negligence, malpractice, retaliating & harassing plaintiff for filing grievances (his right), commit[t]ing arbitrary and capricious decision-making in his medical treatment (and) in denying his grievances by failing to investigate them, responding to grievances with (sham) responses, contrary to rule/policies set in place by medical and F.D.O.C./Geo's Administrative remedy/review process.

(Doc. 18 at 5, ¶ 1). As relief, Whitaker seeks injunctive relief and damages in excess of $700,000.00. (*Id.* at 30-31).

## II. Discussion

### A. Screening for Maliciousness

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits

in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was

warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.   Whitaker's Disclosures**

In his amended complaint, Whitaker provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 18 at 3-4). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*Id*. at 4).[2] Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Whitaker marked "Yes," and disclosed one case:

> *Whitaker v. Inch, et al.* Whitaker identified the case number as 5:19cv282 RH-GRJ, and described the case as involving the loss of his MP4 music

---

[2] Question IV(A) asked Whitaker whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in this action. Whitaker marked "No" and disclosed no cases. (Doc. 18, p. 3). Question IV(B) asked Whitaker whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action. Whitaker marked "No" and disclosed no cases. (*Id*.).

>  downloads. The undersigned has identified this case as Case No. **4:19cv282-RH-GRJ**. Whitaker filed that lawsuit on June 20, 2019, and voluntarily dismissed the case on September 8, 2020.

(*Id*. at 4).

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*Id*. at 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Whitaker marked "No," and disclosed no cases. (*Id*.).

At the end of the civil rights complaint form, Whitaker signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 18 at 23). Thus, Whitaker has in effect stated that at the time he filed his amended complaint on October 1, 2020, he had not initiated any other action in federal court that was dismissed prior to service.

## C. <u>Whitaker's Omission</u>

The court takes judicial notice that at the time Whitaker filed his amended complaint in this case, he had initiated one other civil action in federal court that he should have disclosed: *Whitaker v. Harvey's Supermarkets*, No. 4:14-cv-628-RH-

CAS (N.D. Fla. Jan. 20, 2015) (prisoner Title VII action dismissed prior to service). In that case, Whitaker, while incarcerated, sued his former employer, claiming that he suffered adverse consequences after reporting health code violations in its meat department, and eventually was fired. Whitaker also claimed that his final paycheck was improperly withheld. This court performed its preliminary screening of Whitaker's complaint and advised him of the complaint's legal deficiencies—that Whitaker admittedly failed to exhaust his administrative remedies and that his former employer had advised him how to obtain his paycheck from the State of Florida's Unclaimed Property Bureau. Whitaker then dismissed the action, admitting: "I have no case . . . and I did not exhaust administrative remedy." (*See* Case No. 4:14cv628, Doc. 11).

The foregoing case may be identified as Whitaker's, because it bears his Department of Corrections inmate number 567061. Whitaker did not disclose the case in his initial Complaint (Doc. 1) or in his amended complaint (Doc. 18). Whitaker's omission, therefore, violated his duty of candor to this court.

D.   **The Materiality of Whitaker's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the

>action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own

dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts therefore cannot tolerate false or misleading responses in pleadings or motions. Here, Whitaker falsely responded to a question on the complaint form as detailed above. Whitaker knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 18 at 3). A penalty is warranted both to deter Whitaker from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Whitaker's false response to go unpunished. If Whitaker suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Whitaker's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Whitaker an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). A mere admonition also would not deter Whitaker or others. Furthermore, dismissal without prejudice would serve as a warning to

Whitaker and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III.   Conclusion

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's Motion to Amend (Doc. 17) is **GRANTED**, and Plaintiff's amended complaint (Doc. 18) is considered the operative complaint.

2. Plaintiff's Request for Refund of Overpayment of Initial Fee (Doc. 12) is **DENIED**.

In addition, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. Plaintiff's Motion to Provide Statutes Upon Their Availability (Doc. 13) be **DENIED** as moot.

3. Plaintiff's Motion for Court to "Request" Or Appoint Counsel (Doc. 14) be **DENIED** as moot.

4. Plaintiff's Motion for Injunction and Emergency Cease and Desist Order/Request for Expedited Ruling (Doc. 15) be **DENIED** as moot.

5.  Plaintiff's Motion for Protection of Evidence Order (Doc. 16) be **DENIED** as moot.

6.  Plaintiff's Motion for Expedited Status of Case and "Additional" Preliminary Injunction (Doc. 19) be **DENIED** as moot.

7.  The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 15th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**