UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSHUA B. WHITAKER,

    Plaintiff,

v.                                       Case No.  5:20-cv-230-RV-MJF

MARK S. INCH, *et al.*,

    Defendants.
_____/

# **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation (R&R) dated October 15, 2020 (ECF No. 21), which recommended that this case be dismissed without prejudice for maliciousness and abuse of the judicial process. The plaintiff was furnished a copy of the R&R and was afforded an opportunity to file (and has filed, ECF No. 22) objections pursuant to Title 28, United States Code, Section 636(b)(1). Having reviewed the objections de novo, I have determined that the R&R should be adopted.[1]

---

[1] The plaintiff is a prisoner, and he has filed this lawsuit, *pro se,* alleging that the defendants committed torts and constitutional violations against him during his confinement. The Magistrate Judge's R&R recommends that the amended complaint be dismissed for maliciousness and abuse of the judicial process because the plaintiff failed to disclose a prior lawsuit on the complaint form, *Whitaker v. Harvey's Supermarkets*, Case No. 4:14-cv-628 (N.D. Fla.), as he was required to do under the Prison Litigation Reform Act (PLRA). The plaintiff states in his objection to the R&R that he simply forgot about the earlier lawsuit. Even if I were to accept that statement as true (and, indeed, I think it's possible if not likely that he just forgot about the *Harvey's* case because it was filed almost six years ago, and it was resolved by voluntary dismissal less than two months later)

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation (ECF No. 21) is adopted and incorporated by reference in this order.

2. This case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

3. All pending motions are **DENIED** as moot.

4. The clerk of the court shall close this case file.

**DONE AND ORDERED** this 30th day of October, 2020.

/s/ Roger Vinson
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

there are two problems. First, Eleventh Circuit case law provides that even an *unintentional* failure to disclose a prior suit can warrant dismissal. *See, e.g., Jenkins v. Hutcheson*, 708 F. App'x 647, 648-49 (11th Cir. 2018) (affirming district court's sanction of dismissal because the plaintiff's failure to disclose prior lawsuits, even though it was unintentional, frustrated district court's ability to perform its screening function under the PLRA); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (affirming district court's dismissal of the complaint because plaintiff misrepresented his litigation history even though it was inadvertent and because he didn't understand the complaint form). Second, even if I could overlook that the plaintiff failed to disclose that earlier case, he himself notes in his objection to the R&R that there was actually a *second* case that he also failed to disclose and that the Magistrate Judge failed to discover. Unlike *Harvey's*, that second case, *Whitaker v. IRS*, Case No. 5:18-cv-51 (N.D. Fla.), was disposed of on summary judgment late last year and his subsequent appeal to the Eleventh Circuit was dismissed earlier *this* year. Even though he has now voluntarily disclosed the second case, he did not do so when the operative complaint was filed. Dismissal without prejudice is appropriate on these facts.